NO. 07-07-0332-CR


 07-07-0333-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 25, 2007


______________________________



ALBERT V. JESSEP, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,224-A, 51,225-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER


 Appellant Albert V. Jessep filed notice of appeal on July 31, 2007, arising from his
challenge to the legal validity of the trial court's orders (1) placing him on community
supervision, pursuant to Code of Criminal Procedure article 11.072. Tex. Code Crim. Proc.
Ann. art. 11.072. (Vernon 2003).

 Article 11.072, added to the Code of Criminal Procedure in 2003, sets forth the
procedures for an application for a writ of habeas corpus in a felony or misdemeanor case
in which an applicant seeks relief from an order placing the applicant on community
supervision. A clerk's record has been filed, and reflects that appellant filed an application
for writ of habeas corpus in the trial court on April 2, 2007, and two amended applications,
the second on May 2, 2007. The State filed an answer to his original application. The
record, however, does not reflect a signed order entered by the trial court addressing
appellant's application.

 On September 24, 2007, the State filed a motion to abate this appeal, also
indicating that the trial court has not yet entered an order. 

 The statute provides, in section 6, time periods within which a trial court is to take
action on applications. The statute does not say, however, that a court's failure to enter
an order by a particular date constitutes denial of the application. See Tex. Code Crim.
Proc. Ann. art. 11.072, § 6, 7 (Vernon 2003). Section 8 of article 11.072 provides for
appeal by the applicant "[i]f the application is denied in whole or part . . . ." Because the
trial court has not denied appellant's application by written order, his notice of appeal is
premature. Tex. R. App. P. 27.1(b). (2) 

 Section 8 of article 11.072 refers to Rule 31 of the Rules of Appellate Procedure.
Accordingly, subject to the requirements of other applicable rules, the Court directs the trial
court clerk to prepare, certify and file with this Court's clerk a supplemental clerk's record
reflecting the trial court's disposition of appellant's application for writ of habeas corpus,
within ten (10) days of the date of the trial court's order. Tex. R. App. P. 31.1.

 It is so ordered.


 Per Curiam


Do not publish.


 
1. The orders were signed April 17, 2006, in trial court cause numbers 51224-A and
51225-A, both deferring appellant's adjudication for the offenses of possession of child
pornography and placing him on community supervision. Appellant appealed from the
orders. We dismissed his appeals on September 15, 2006, based on the trial court's
certifications under Rule of Appellate Procedure 25.2 that he had no right of appeal. 
Jessup v. State, 2006 WL 2660776 (Tex.App.-Amarillo 2006, pet. ref'd). 
2. Because we view appellant's notice of appeal as premature under these
circumstances, we consider it unnecessary to abate the appeal. Accordingly, we deny the
State's motion, while acknowledging that this order has much the same effect.



t="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0358-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

OCTOBER 5, 2010

 

______________________________

 

 

CHARLES MARTIN BRYANT, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

 

NO. 14,621-A; HONORABLE DAN SCHAAP, JUDGE[1]

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ORDER ON ABATEMENT

            On August 1, 2003, in cause number
14,621-A, Appellant was convicted of indecency with a child by exposure (Count
I) and indecency with a child by contact (Count II).  Sentence was assessed at ten years
confinement on Count I and twenty years confinement on Count II.  A fine of $2,000 was also assessed.  On April 26, 2010, in the same cause number,
the trial court signed and entered a document entitled Order to Withdraw Inmate Funds (Pursuant to TX. GOV'T CODE, Sec.  501.014(e)).[2]  By the withdrawal notification, the trial
court directed the Texas Department of Criminal Justice Institutional Division
to withhold the amount of $2,533, consisting of the $2,000 fine plus
miscellaneous costs of court.  While the
withdrawal notification provides that "court costs, fines and fees have
been incurred as represented in the certified Bill of Cost/Judgment attached
hereto," the Certified Bill of Costs contained in the clerk's record was
not generated until more than four months later on September 13, 2010.  Furthermore, while the original judgment of
conviction recites "the State of Texas do have and recover of said
Defendant all court costs in this prosecution expended for which execution will
issue," the judgment itself does not specify the amount of those costs.

            In Harrell v. State, 286 S.W.3d
315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification
directing prison officials to withdraw money from an inmate trust account
pursuant to § 501.014(e) is a civil matter[3] akin to
a garnishment action or an action to obtain a turnover order.  Harrell,
286 S.W.3d at 317-19.  In determining whether Harrell was accorded
constitutional due process in that proceeding, the Court concluded that because
Harrell had received notice of the withdrawal (a copy of the withdrawal
notification) and an opportunity to be heard via a motion to rescind, he
received all that due process required.  Id., 286 S.W.3d at 321.  The Court added, "[t]he Constitution
does not require pre-withdrawal notice or a comprehensive civil garnishment
proceeding."  Id.

             The record before this Court does not,
however, reflect whether Appellant has been given all that due process
requires.  Specifically, Appellant's
notice of appeal indicates that the trial court has never ruled on his
post-withdrawal notification motion "received by the trial court on July
6, 2010."  Because the trial court
has not entered an appealable order either granting or denying that motion to
confirm, modify, correct, or rescind the prior withdrawal notification, we find
Appellant's notice of appeal to be
premature.

            Accordingly,
this Court sua sponte abates this
appeal for 90 days from the date of this order to allow Appellant time to take
such action as is necessary to (1) present Appellant's motion to the trial
court; (2) schedule any necessary hearing; and (3) obtain from the trial court
a final appealable order addressing that motion.  See Tex.
R. App. P. 27.2.  See also Iacono v. Lyons, 6 S.W.3d 715
(Tex.App.--Houston [1st Dist.] 1999, no pet.). 
All appellate timetables will begin to run from the date a final,
appealable order addressing Appellant's motion is signed.

            It
is so ordered.

                                                                                    Per
Curiam

 











[1]Hon. Abe Lopez, Retired Judge sitting by assignment in the 47th
District Court of Randall County, Texas. 
See Tex. Gov't Code Ann. §
75.002(a)(3) (Vernon 2005).

 





[2]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The controlling
statute, Tex. Gov't Code Ann. §
501.014(e) (Vernon Supp. 2010), describes the process as a "notification
by a court" directing prison officials to withdraw sums from an inmate's
trust account, in accordance with a schedule of priorities set by the statute,
for the payment of "any amount the inmate is ordered to pay by order of
the court."  See id. at § 501.014(e)(1)-(6). 
See also Harrell v. State, 286
S.W.3d 315, 316, n.1 (Tex. 2009).  This
document is more akin to a judgment nisi. 
A judgment nisi, commonly used in bond forfeiture proceedings, is a
provisional judgment entered when an accused fails to appear for trial.  A judgment nisi triggers the issuance of a capias and it serves as notice of the
institution of a bond forfeiture proceeding. 
It is not final or absolute, but may become final.  See
Safety Nat'l Cas. Corp. v. State, 273 S.W.3d 157, 163
(Tex.Crim.App. 2008). Nisi means "unless," so a
judgment nisi is valid unless a party
takes action causing it to be withdrawn. 
Id.  Similarly, a withdrawal notification
issued pursuant to §
501.014(e), triggers a trust fund withdrawal, serves as notice of the
collection proceeding, and continues to operate unless the inmate takes action
causing the notification to be withdrawn. 
Therefore, rather than refer to that document as an order, we prefer to
use the term "withdrawal notification" to avoid confusion with the
underlying court order or judgment ordering the payment of a sum falling within
at least one of the six priority categories listed in the statute.

 





[3]See Johnson v. Tenth Judicial
District Court of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008)
(holding that orders directing withdrawal of funds from inmate trust accounts
is not a criminal matter).