**Mary IACONO, Appellant,**

v.

**Carolyn LYONS, Appellee.**

**No. 01–99–00726–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1999.

Alden D. Holford, Houston, for Appellant.

Barry G. Flynn, Paul A. Hoefker, Houston, Michael Leonard Ray Burnett, Austin, for Appellee.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

## ORDER ON CONTINUING ABATEMENT

PER CURIAM.

This is a dispute over gambling proceeds. Mary Iacono, the appellant, sued Carolyn Lyons for breach of an oral contract to split the money they won during a gambling trip to Las Vegas. The appellant also sued International Gaming Technology (IGT), the owner of Caesar's Palace, for paying the proceeds to Lyons.

Lyons filed a motion for summary judgment based on the statute of frauds, and the trial court signed an order granting the motion for partial summary judgment on June 21, 1999. The next day, the appellant filed a nonsuit as to IGT. The trial court did not sign an order granting the nonsuit. However, the court's docket sheet notes that a nonsuit was "entered" on June 22, 1999.

■ This is an attempted appeal from a judgment that is not a final judgment. Because the appellant filed the notice for nonsuit after the trial court signed the partial take-nothing summary judgment, the trial court was required to sign an order granting the nonsuit. This is true even though the court's action of signing the nonsuit is merely a ministerial act. Until the trial court signs an order granting the nonsuit, the judgment in this case is interlocutory and not appealable, and the appellate timetables do not begin to run.

■ A party has an absolute right to a nonsuit at the moment the party files a nonsuit. However, when a nonsuit is filed after a partial judgment has been signed, the judgment does not become final until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995) (partial summary judgment did not become final when plaintiff filed supplemental petition omitting other claim; trial court was required to sign a final judgment); *Harris County Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (plaintiff's nonsuit did not become effective when filed); *see* Tex.R. Civ. P. 329b; Tex.R.App. P. 26.1. Because the

trial court did not sign either an order granting the nonsuit or a judgment memorializing the nonsuit, the partial summary judgment is not final. We have no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See* Tex. Civ. Prac. & Rem.Code § 51.012.[1]

■ Under Texas Rule of Appellate Procedure 27.2, we can treat a case that is appealed before the judgment is final as a prematurely filed appeal and permit the defect to be cured. *Schauer v. Memorial Care Systems,* 856 S.W.2d 437, 443 (Tex. App.—Houston [1st Dist.] 1993, no writ). Under Texas Rule of Appellate Procedure 42.3(a), we give the appellant notice of the jurisdictional defect and inform her we will dismiss the appeal unless she cures the defect by obtaining a signed order or judgment from the trial court complying with this order. Once the jurisdictional defect is cured, we can treat this appeal as a prematurely filed appeal and continue with its resolution.

We retain continuing jurisdiction over this appeal, but we abate the appeal to give the appellant 60 days after the date of this order to take action to cure the jurisdictional defect and to pay for and request the district clerk to file a supplemental clerk's record containing a signed order granting the nonsuit or a signed final judgment that explicitly memorializes the nonsuit. If such supplemental clerk's record is not filed in this Court, we will dismiss the appeal for want of jurisdiction.

It is so **ORDERED.**

---

1. There are exceptions to the rule that only final judgments can be appealed, and those are made appealable by statute. See Tex. Civ. Prac. & Rem.Code § 51.014 (listing interlocutory judgments that may be appealed before final judgment is rendered in the case). None of those exceptions apply in this case.