NO. 07-04-0448-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 12, 2005


______________________________



RONALD H. MARR, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-403,784; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Ronald H. Marr, Jr. (appellant) appeals his conviction for failing to register as a sex
offender. His sole issue involves whether he was denied due process because he was not
given the chance to challenge whether the sex crime for which he was convicted in
Oklahoma was substantially similar to a crime recognized in Texas. We affirm.

 At trial, appellant testified that "the whole thing of this case was not challenging that
I had to register, it was just my understanding that I had thought I was finished" once his
parole ended. This is of import because we cannot find where in the record that appellant
raised before the trial court the due process argument asserted here. And, because the
argument was not raised below, it was waived. See Saldano v. State, 70 S.W.3d 873, 886-87 (Tex. Crim. App. 2002) (stating that even constitutional complaints may be waived by
failure to timely assert them in the trial court); Latham v. State, No. 14-01-00562-CR, 2002
Tex. App. LEXIS 6592 (Tex. App.-Houston [14th Dist.] Sept. 5, 2002, no pet.) (not
designated for publication) (holding that the appellant waived his due process claim
involving the sex offender registration statute because it was not raised at trial).

 Accordingly, we overrule the issue and affirm the judgment of the trial court.

 

 Brian Quinn

 Justice



Do not publish.

 



6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00120-CV; 07-10-00121-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
9, 2011

 



 

HARVEY FLOYD HODO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 18700-A, 18765-A; HONORABLE RICHARD DAMBOLD, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Harvey Floyd Hodo, an
inmate proceeding pro se, perfected
appeal from two trial court orders, dated March 23, 2010, in each referenced
cause, which, pursuant to section 501.014(e) of the Texas Government Code, authorized
the Texas Department of Criminal Justice, Institutional Division, to withhold
from Hodos inmate trust account the following amounts to pay for costs
associated with his criminal convictions: (1) $1,586.50 in cause number
18700-A; and (2) $486.50 in cause number 18765-A.  Hodo filed pro se notices of appeal on April 6, 2010, challenging the
withdrawal orders.  On June 17, 2010,
this Court abated the appeals for 180
days to allow Hodo time to take such action as is necessary to (1) obtain the
necessary documentation of the underlying court orders; (2) compare the
underlying court order to the withdrawal orders; (3) file appropriate motions to
modify, correct, or rescind the withdrawal orders; (4) present those motions to
the trial court; (5) schedule any necessary hearing; and (6) obtain from the
trial court final appealable orders addressing those motions.  See
Tex. R. App. P. 27.2; see
also Iacono
v. Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.) (finding appeal prematurely filed and abating and remanding
to permit the jurisdictional defect to be cured).  

On January
10, 2011, this Court received a supplemental clerks record in these appeals
that includes a November 12, 2010 Order on Defendants Motion to Rescind the
Withdrawal Notification Orders, which modified the March 23, 2010 withdrawal
orders to omit the assessment of attorneys fees and Juvenile Crime and Delinq. Fee.  As a result of these modifications, the trial
court recalculated the costs associated with Hodos criminal convictions to be $1,286.00 in cause number 18700-A;
and $286.00 in cause number 18765-A.  The trial court further entered Amended
Orders to Withdraw Funds reflecting the modifications.  

These
appeals were reinstated on January 10, 2011. 
On January 11, 2011, Hodo was notified that, by order of this Court, his
appellate brief was due to be filed on or before February 10, 2011.  Hodo did not file his brief nor request an extension of time to
file his brief by this date. 
Consequently, by letter dated February 18, 2011, the Clerk of this Court
notified Hodo that his brief was past due and that failure to file his brief
with this Court on or before February 28, 2011, could result in dismissal of
his appeal pursuant to Rule 38.8(a) of the Texas Rules of Appellate
Procedure.  Hodo has neither filed his
brief nor responded to this Courts February 18, 2011 correspondence.

            Accordingly,
we now dismiss this appeal for want of prosecution and failure to comply with a
notice from the Clerk of this Court requiring a response or other action in a
specified time.  See Tex. R. App. P. 38.8(a)(1), 42.3(b), (c).

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice