NO. 07-06-0366-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 23, 2007


______________________________



CARLOS A.L. VAUGHN, APPELLANT



V.



BRUCE ZELLER, JOE NUNN AND KATHY SKINNER, APPELLEES


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 092479-00-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Carlos A.L. Vaughn filed a notice of appeal from a summary judgment in favor of
appellees. The trial court clerk's record was filed on November 3, 2006. By letter dated
December 20, 2006, the clerk of this court notified Vaughn that appellant's brief was due
December 4, 2006, but had yet to be filed. See Tex. R. App. P. 38.6(a), 38.8. The letter
further advised Vaughn that the appeal would be subject to dismissal for want of
prosecution if the brief, or a response reasonably explaining the failure to file a brief with
a showing that appellees had not been injured by the delay, was not filed by January 2,
2007. No brief, motion for extension or other response has been received. 

 Accordingly, we now dismiss the appeal for want of prosecution and failure to
comply with a directive of the court. See Tex. R. App. P. 38.8(a)(1) and 42.3(b), (c). 


 James T. Campbell

 Justice






ngleByteDoubleByteWidth/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0091-CV

NO. 07-10-0100-CV

NO. 07-10-0101-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 22, 2010

 

______________________________

 

 

TIMOTHY RAY WILLIAMS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NOS. 18,246-B, 11,592-B, and 18,325-B; HONORABLE JOHN
B. BOARD, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION ON ABATEMENT

            On February 25, 2010, in cause
numbers 11,592-B (07-10-0100-CV), 18,246-B (07-10-0091-CV), and 18,325-B
(07-10-0101-CV), the trial court signed and entered a document entitled Order to Withdraw Inmate Funds (Pursuant to
TX. GOVT. Code, Sec. 501.014(e)).[1]
   By the withdrawal notifications entered
in each case, the trial court directed the Texas Department of Criminal Justice
Institutional Division to withhold the amounts of $671.50 (Cause No. 11,592-B),
$13,791.50 (Cause No. 18,246-B), and $1,363.43 (Cause No. 18,325-B) from Appellant's
inmate trust account.  While each withdrawal
notification contained the statement that "court costs, fines, and fees
have been incurred as represented in the certified Bill of Costs/Judgment
attached hereto," none contained an attachment of any kind.  Furthermore, while the judgment entered in
each case provides that the "State of Texas do have and recover of the
said [Appellant] all costs in this proceeding incurred . . .," the summary
portion of each judgment leaves costs blank.

            In Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme
Court held that a withdrawal notification directing prison officials to
withdraw money from an inmate trust account pursuant to § 501.014(e) is a civil matter[2]
akin to a garnishment action or an action to obtain a turnover order.  Harrell,
286 S.W.3d at 317-19.  In determining
whether Harrell was accorded constitutional due process in that proceeding, the
Court balanced three factors discussed in Mathews
v. Eldridge, 424
U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and noted that Harrell had "already received some measure of due
process."  Harrell, 286 S.W.3d at 320.

            The
three Eldridge factors considered in Harrell are: (1) the private interest
affected by the official action, (2) the risk of an erroneous deprivation of
such interests through the procedures used, and the probable value, if any, of
additional or substitute procedural safeguards, and (3) the Government's
interest, including the function involved and the fiscal and administrative
burdens that additional or substitute procedural requirements would
entail.  The Court found that private
interest to be easily ascertainable--"the amount identified in a prior
court document", i.e., "the costs assessed when the convicting court
sentenced him."  Harrell,
286 S.W.3d at 320.  Regarding the risk of erroneous
deprivation, the Court identified the risk as modest where withdrawal
notifications under the statute are based on an amount identified in a previous
court document.  See Tex. Gov't Code Ann. § 501.014(e)(1)-(6)
(Vernon Supp. 2009).  The Court noted
that "Harrell was . . . notified of the costs assessed when the convicting
court sentenced him" and he was free to contest them at the time they were
assessed. Harrell, 286 S.W.3d at
320.  However, the Court went on to recognize
there could be a greater risk of erroneous deprivation in instances in which
the amount in the withdrawal notification varied from the amount in the
underlying judgment or those instances where there were clerical or other
errors.  Id.  In assessing the final
factor, the Government's interest, the Court addressed the fiscal and
administrative burdens of added or alternative procedures and concluded that
the Texas Department of Criminal Justice would face expending more money than
it would collect if it were required to conform to "full-blown"
statutory garnishment requirements.  In
the Court's opinion, such a drawn-out procedure might subvert the Legislature's
goal of efficient cost-collection.  Id.

Harrell had been convicted of drug
charges in 1997 and 2003.  In 2006, the
convicting trial court signed an order authorizing the Texas Department of Criminal
Justice to withdraw funds from his inmate trust account to pay for court costs
and fees for appointed counsel.  Harrell
was provided with copies of the withdrawal notifications.  He then moved to rescind the withdrawal
notifications alleging denial of due process. 
His motion was denied, and his direct appeal to this Court was dismissed
for want of jurisdiction on the ground that no statutory mechanism was
available for appealing a withdrawal notification.  See
Harrell v. State, Nos. 07-06-0469-CR and 07-06-0470-CR, 2007 WL 2301350 (Tex.App.--Amarillo
Aug. 13, 2007), rev'd,
286 S.W.3d 315 (Tex. 2008). 

            In reversing this Court and
rendering judgment affirming the trial court's order denying Harrell's motion to rescind, the Supreme Court held
that due process entitles an inmate to receive notice[3]
and an opportunity to be heard, even though those requirements might be
accorded the inmate after funds are withdrawn. 
Harrell, 286 S.W.3d at
321.  It concluded that because Harrell
had received notice (a copy of the withdrawal
notification) and an opportunity
to be heard[4] (the
motion to rescind), he had received all that due process
required.  Id.  The Court added,
"[t]he Constitution does not require pre-withdrawal notice or a
comprehensive civil garnishment proceeding."  Id.

             On the limited record before this Court, we
are unable to determine if Appellant has been given all that due process requires.  Specifically, because we do not have a copy
of the underlying court order, we are unable to determine either the factual
basis for the withdrawal notification, or whether Appellant has been afforded an
adequate opportunity "to compare the amounts assessed by the trial court
[in the underlying criminal proceedings] to the amount[s] withdrawn and alert
the court of any alleged errors."  Id.  Because
the trial court has not entered an appealable order either granting or denying
a motion to confirm, modify, correct, or rescind the prior withdrawal
notification, we find Appellant's notice
of appeal to be premature.

            Accordingly, this Court sua sponte abates this appeal for 180
days from the date of this order to allow Appellant time to take such action as
is necessary to (1) obtain the necessary documentation of the underlying court
order; (2) compare the underlying court order to the withdrawal notification;
(3) file an appropriate motion to modify, correct, or rescind the withdrawal
notification; (4) present that motion to the trial court; (5) schedule any
necessary hearing; and (6) obtain from the trial court a final appealable order
addressing that motion.  See Tex. R. App. P. 27.2.  See
also Iacono v. Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999,
no pet.).  All appellate timetables will
begin to run from the date a final, appealable order is signed.

                        It
is so ordered.

 

                                                                                    Per
Curiam











[1]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The controlling
statute, Tex. Gov't Code Ann. § 501.014(e) (Vernon Supp. 2009), describes
the process as a "notification by a court" directing prison officials
to withdraw sums from an inmate's trust account, in accordance with a schedule
of priorities set by the statute, for the payment of "any amount the
inmate is ordered to pay by order of the court."  See
id. at § 501.014(e)(1)-(6).  See
also Harrell v. State, 286 S.W.3d 315, 316, n.1 (Tex. 2009).  This document is more akin to a judgment
nisi.  A judgment nisi, commonly used in
bond forfeiture proceedings, is a provisional judgment entered when an accused
fails to appear for trial.  A judgment
nisi triggers the issuance of a capias
and it serves as notice of the institution of a bond forfeiture
proceeding.  It is not final or absolute,
but may become final.  See Safety Nat'l Cas. Corp.
v. State, 273 S.W.3d 157, 163 (Tex.Crim.App. 2008). Nisi means
"unless," so a judgment nisi is valid unless a party takes action
causing it to be withdrawn.  Id.  Similarly,
a withdrawal notification issued pursuant to §
501.014(e), triggers a trust fund withdrawal, serves as notice of the
collection proceeding, and continues to operate unless the inmate takes action
causing the notification to be withdrawn. 
Therefore, rather than refer to that document as an order, we prefer to
use the term "withdrawal notification" to avoid confusion with the
underlying court order or judgment ordering the payment of a sum falling within
at least one of the six priority categories listed in the statute.

 





[2]See Johnson v. Tenth Judicial
District Court of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008)
(holding that orders directing withdrawal of funds from inmate trust accounts
is not a criminal matter).

 





[3]In
assessing the risk of erroneous deprivation of property, the Supreme Court in Harrell considered the risk to be
"modest" because notice under the statute is "based on an amount identified in a prior court document."  Harrell,
286 S.W.3d at 320 (emphasis added). 
The Court went on to comment that the risk would be minimized if the
trial court included a copy of the underlying order or judgment that assessed
costs when it issues a withdrawal notification. 
We wholeheartedly adopt the Supreme Court's recommendation in this
regard.  We express no opinion as to
whether a clerk issued bill of costs or a statement in an underlying court
document which merely assesses "costs of court" against the defendant
without stating the basis or amount of those costs constitutes adequate notice
for purposes of due process.  We further
note that the mere assessment of attorney fees does not make them collectable
through this process.  Under article
26.05(g) of the Texas Code of Criminal Procedure, the trial court has authority
to order reimbursement of appointed attorney fees only if the court makes a
fact-specific determination that a defendant has financial resources that
enable him to offset, in part or in whole, the costs of the legal services
provided.  See Tex. Code Crim. Proc. Ann. art. 26.05(g)
(Vernon Supp. 2009).  See also Mayer v. State, ___ S.W.3d ___,
PD-0069-09, 2010 WL 1050331, at *4 (Tex.Crim.App.
March 24, 2010).

 





[4]While
the court of appeals's opinion is silent on whether a
hearing was held on Harrell's motion to rescind, Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 WL
2301350 (Tex.App.--Amarillo, Aug. 13, 2007), revd, 286 S.W.3d
315 (Tex. 2008), the trial court did enter a specific order denying his motion
to rescind the withdrawal notification. 
We read the Supreme Court's opinion as assuming that, by this process,
Harrell was given "an opportunity to be heard."  Harrell,
286 S.W.3d at 321.