NO. 07-06-0382-CR


 07-06-0383-CR

 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 30, 2007



______________________________


 

MICHAEL ANTHONY SAM, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 93823, 93824; HONORABLE LARRY GIST, JUDGE


_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND


 Appellant Michael Anthony Sam has filed a notice of appeal from the trial court's
judgment revoking his community supervision in two causes. First, in appellate cause
number 07-06-0382-CR, he appeals the judgment adjudicating him guilty of delivery of a
controlled substance and imposing a sentence that included confinement in the Institutional
Division of the Texas Department of Criminal Justice for a period of five years. 

 In cause number 07-06-0383-CR, appellant has filed his notice of appeal from the
trial court's judgment revoking his community supervision, adjudicating him guilty of
delivery of marijuana and imposing a sentence that included confinement in the
Institutional Division of the Texas Department of Criminal Justice for a period of 18 months.

 The trial court certified appellant's right to appeal in both cases. On October 3, 2006,
the appeals were transferred from the Ninth District Court of Appeals to this Court. The
appellate court clerk received and filed the trial court clerk's record on September 13, 2006,
and received and filed the reporter's record on October 13, 2006. 

 Appellant's brief in both cases was originally due on November 13, 2006. This
Court's November 27, 2006 letter informed appellant's appointed attorney of the original due
date and stated that if the brief or a response was not received by December 7, 2006, the
appeals would be abated to the trial court. Tex. R. App. P. 38.8(b). Although appellant did
not file his brief, counsel for appellant faxed a communication to this Court on December 12,
2006 which requested an extension of time to file his brief to January 4, 2007. By our letter
dated January 5, 2007, counsel was advised that if the brief was not filed by January 19,
2007, the appeals would be abated to the trial court. As of this date, we have not received
a brief in either appeal, or further communication from counsel. 

 Accordingly, the appeals are abated and the causes are remanded to the trial court. 
Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing, at which appellant's
present counsel shall personally appear, to determine: 

 (1) whether appellant desires to prosecute these appeals;


 if appellant desires to prosecute these appeals, the reasons for appellant's
counsel's failure to timely file a brief;



 if appellant desires to prosecute these appeals, whether appellant's present
counsel should be replaced; and
 what orders, if any, should be entered to assure that the appeals will be
diligently pursued if appellant desires to prosecute these appeals.



If the trial court determines that the present attorney for appellant should be replaced, the
court shall cause the clerk of this Court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed attorney. 

 In support of its determination, the trial court shall prepare and file written findings of
fact and conclusions of law and cause them to be included in a supplemental clerk's record. 
The hearing proceedings shall be transcribed and included in a supplemental reporter's
record. Those supplemental records shall be submitted to the clerk of this Court no later
than March 1, 2007.

 Per Curiam

Do not publish. 



dException Locked="false" Priority="69" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0043-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 17, 2010

 

______________________________

 

 

UNITED SUPERMARKETS, L.L.C., APPELLANT

 

V.

 

SANDRA RAMIREZ, APPELLEE

 

 

_________________________________

 

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2008-545,560; HONORABLE WILLIAM C. SOWDER, JUDGE

 

_______________________________

 

Before QUINN, C.J., and CAMBPELL and PIRTLE, JJ.

ORDER FOR MODIFICATION
PURSUANT TO RULE TEX. R. APP. P. 27.2

            On December 29, 2009,
Appellee, Sandra Ramirez, a United Supermarkets, L.L.C. employee, was awarded
damages from an arbitrator. United Supermarkets filed a notice of appeal
challenging the arbitrator's award on January 28, 2010.  Upon review of the notice of appeal, this
Court questioned whether the document was an appealable order.  See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a) (Vernon 2005).  By letter dated February 5, 2010, United
Supermarkets was directed to show cause why the appeal should not be dismissed
for want of jurisdiction.  

            United Supermarkets
filed a response explaining it had filed an Application to Vacate, Modify, or
Correct the Arbitrator's Award which has yet to be decided and had filed the
notice of appeal out of an abundance of caution.  United Supermarkets requests this appeal not
be dismissed pending a final ruling from the trial court which will result in a
final, appealable order.

            This Court withholds
dismissal of the appeal and sua sponte
abates the appeal for sixty days from the date of this order to allow United
Supermarkets to take action to modify the arbitrator's award so as to be made
final and appealable.  See Tex. R. App. P. 27.2.   See also Iacono v. Lyons,
6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.).  All appellate timetables will begin to run
from the date a final, appealable order is signed.

            It is so ordered.

                                                                                    Per
Curiam