NO. 07-10-0358-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

OCTOBER 5, 2010

 

______________________________

 

 

CHARLES MARTIN BRYANT, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

 

NO. 14,621-A; HONORABLE DAN SCHAAP, JUDGE[1]

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ORDER ON ABATEMENT

            On August 1, 2003, in cause number
14,621-A, Appellant was convicted of indecency with a child by exposure (Count
I) and indecency with a child by contact (Count II).  Sentence was assessed at ten years
confinement on Count I and twenty years confinement on Count II.  A fine of $2,000 was also assessed.  On April 26, 2010, in the same cause number,
the trial court signed and entered a document entitled Order to Withdraw Inmate Funds (Pursuant to TX. GOV'T CODE, Sec.  501.014(e)).[2]  By the withdrawal notification, the trial
court directed the Texas Department of Criminal Justice Institutional Division
to withhold the amount of $2,533, consisting of the $2,000 fine plus
miscellaneous costs of court.  While the
withdrawal notification provides that "court costs, fines and fees have
been incurred as represented in the certified Bill of Cost/Judgment attached
hereto," the Certified Bill of Costs contained in the clerk's record was
not generated until more than four months later on September 13, 2010.  Furthermore, while the original judgment of
conviction recites "the State of Texas do have and recover of said
Defendant all court costs in this prosecution expended for which execution will
issue," the judgment itself does not specify the amount of those costs.

            In Harrell v. State, 286 S.W.3d
315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification
directing prison officials to withdraw money from an inmate trust account
pursuant to § 501.014(e) is a civil matter[3] akin to
a garnishment action or an action to obtain a turnover order.  Harrell,
286 S.W.3d at 317-19.  In determining whether Harrell was accorded
constitutional due process in that proceeding, the Court concluded that because
Harrell had received notice of the withdrawal (a copy of the withdrawal
notification) and an opportunity to be heard via a motion to rescind, he
received all that due process required.  Id., 286 S.W.3d at 321.  The Court added, "[t]he Constitution
does not require pre-withdrawal notice or a comprehensive civil garnishment
proceeding."  Id.

             The record before this Court does not,
however, reflect whether Appellant has been given all that due process
requires.  Specifically, Appellant's
notice of appeal indicates that the trial court has never ruled on his
post-withdrawal notification motion "received by the trial court on July
6, 2010."  Because the trial court
has not entered an appealable order either granting or denying that motion to
confirm, modify, correct, or rescind the prior withdrawal notification, we find
Appellant's notice of appeal to be
premature.

            Accordingly,
this Court sua sponte abates this
appeal for 90 days from the date of this order to allow Appellant time to take
such action as is necessary to (1) present Appellant's motion to the trial
court; (2) schedule any necessary hearing; and (3) obtain from the trial court
a final appealable order addressing that motion.  See Tex.
R. App. P. 27.2.  See also Iacono v. Lyons, 6 S.W.3d 715
(Tex.App.--Houston [1st Dist.] 1999, no pet.). 
All appellate timetables will begin to run from the date a final,
appealable order addressing Appellant's motion is signed.

            It
is so ordered.

                                                                                    Per
Curiam

 











[1]Hon. Abe Lopez, Retired Judge sitting by assignment in the 47th
District Court of Randall County, Texas. 
See Tex. Gov't Code Ann. §
75.002(a)(3) (Vernon 2005).

 





[2]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The controlling
statute, Tex. Gov't Code Ann. §
501.014(e) (Vernon Supp. 2010), describes the process as a "notification
by a court" directing prison officials to withdraw sums from an inmate's
trust account, in accordance with a schedule of priorities set by the statute,
for the payment of "any amount the inmate is ordered to pay by order of
the court."  See id. at § 501.014(e)(1)-(6). 
See also Harrell v. State, 286
S.W.3d 315, 316, n.1 (Tex. 2009).  This
document is more akin to a judgment nisi. 
A judgment nisi, commonly used in bond forfeiture proceedings, is a
provisional judgment entered when an accused fails to appear for trial.  A judgment nisi triggers the issuance of a capias and it serves as notice of the
institution of a bond forfeiture proceeding. 
It is not final or absolute, but may become final.  See
Safety Nat'l Cas. Corp. v. State, 273 S.W.3d 157, 163
(Tex.Crim.App. 2008). Nisi means "unless," so a
judgment nisi is valid unless a party
takes action causing it to be withdrawn. 
Id.  Similarly, a withdrawal notification
issued pursuant to §
501.014(e), triggers a trust fund withdrawal, serves as notice of the
collection proceeding, and continues to operate unless the inmate takes action
causing the notification to be withdrawn. 
Therefore, rather than refer to that document as an order, we prefer to
use the term "withdrawal notification" to avoid confusion with the
underlying court order or judgment ordering the payment of a sum falling within
at least one of the six priority categories listed in the statute.

 





[3]See Johnson v. Tenth Judicial
District Court of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008)
(holding that orders directing withdrawal of funds from inmate trust accounts
is not a criminal matter).