COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



**ORDER ON CONTINUING ABATEMENT**

Appellate case name:  Concierge Nursing Centers, Inc. and Houston Concierge Care, L.P. v. Antex Roofing, Inc., Nevco Waterproofing, Inc., Conex Constructors, Inc., and Mitchell Chuoke Plumbing, Inc.

Appellate case number:  01-11-00882-CV

Trial court:  80th District Court, Harris County

Trial court case number:  2008-64390

The Court's records indicate that the Court may not have jurisdiction over this appeal because not all claims and parties have been disposed of. The record filed in the Court reflects the following facts:

1. Concierge Nursing Centers, Inc. and Houston Concierge Care, L.P. (collectively "Concierge" or "Concierge plaintiffs") jointly asserted two causes of action against each of the appellees, who were defendants in the trial court (collectively the "Subcontractors"): (1) breach of a contractual obligation of indemnity originally owed to a third-party ("First Cause of Action"), and (2) breach of a contractual obligation to make a third-party an additional insured ("Second Cause of Action").

2. In the trial court, the Concierge asserted an additional cause of action against other defendants who are not parties to this appeal, namely, Travelers Property Casualty Company of America, Evanston Insurance Company, Amerisure Insurance Company, and Nautilus Insurance Company (collectively the "Insurers"). Moreover, several other parties who are not parties to this appeal—namely, Bay 4 Capital, Edward L. Abrams, the Edward L. Abrams Living Trust, Brock T. Strom, and Claire A. Strom (collectively the "Intervenors")—intervened in the case and asserted one or more causes of action against Conex.

1

3. On May 6, 2010, Nevco and Conex each separately moved for partial summary judgment on the First Cause of Action and the Second Cause of Action.

4. On May 6, 2010, Antex moved for partial summary judgment on the Second Cause of Action, but not on the First Cause of Action.

5. On June 9, 2010, Mitchell Chuoke moved for partial summary judgment on the First Cause of Action and the Second Cause of Action.

6. On June 25, 2010, Antex again moved for partial summary judgment, this time on the First Cause of Action, but not on the Second Cause of Action.

7. On August 19, 2010, Mitchell Chuoke again moved for partial summary judgment, again on the First Cause of Action and the Second Cause of Action.

8. On August 20, 2010, the trial court signed the "Order on [Nevco's] No-Evidence and Traditional Motion for Summary Judgment," ordering that the Concierge plaintiffs "do have and take nothing" from Nevco in the case.

9. On August 20, 2010, the trial court signed the "Order Granting Conex Constructor Inc.'s Motion for Partial Summary Judgment," ordering that Concierge plaintiffs "do have and take nothing from Conex Constructors, Inc." This order also orders that the Intervenors "do have and take nothing from Conex Constructors, Inc."

10. On September 14, 2010, the trial court signed the "Order Granting Mitchell Chuoke Plumbing, Inc.'s Traditional and No-Evidence Motion for Summary Judgment," ordering that the Concierge plaintiffs "take nothing" from Mitchell Chuoke in the case.

11. On September 16, 2011, the trial court signed the "Order on Partial Summary Judgment and Severance," ordering that the Concierge plaintiffs "do have and take nothing from Antex Roofing, Inc." for the First Cause of Action and that the Concierge plaintiffs "have and take nothing against Antex Roofing, Inc. on this cause of action." This order does not reflect any disposition on the Second Cause of Action against

2

Antex, nor does it reflect any order of severance.

12. On October 7, 2011, Concierge filed notice of appeal from the two orders signed on August 20, 2010, the order signed on September 14, 2010, and the order signed on September 16, 2011.

In its appellate briefing, Concierge states that it nonsuited the Insurers and therefore presents no issue on appeal regarding its causes of action against the Insurers. Concierge also states that it waives on appeal any issue regarding the Second Cause of Action against the Subcontractors. However, the record on appeal does not reflect that Concierge's causes of action against the Insurers were either nonsuited or otherwise disposed of. Moreover, the record does not reflect that the Second Cause of Action against Antex was disposed of.

Generally, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Id.* The record in this appeal does not reflect that the trial court disposed of all pending parties and claims because there is no indication that Concierge nonsuited the Insurers and that the Second Cause of Action against Antex was disposed of.

Accordingly, the Court rules as follows:

1. Concierge may file a written response to this order that provides a detailed explanation with citations to relevant portions of the record, statutes, rules, and case law to show that, on the basis of the record presently filed, this Court has jurisdiction over the appeal.

2. Alternatively, if Concierge does not file the response contemplated in paragraph (1) above, Concierge may file a supplemental record demonstrating that all pending parties and claims in the trial court record were disposed of prior to Concierge having filed its notice of appeal.

3. Alternatively, if Concierge does not file the response contemplated in paragraph (1) above or the supplemental record contemplated in paragraph (2) above, Concierge may file in the trial court a nonsuit against the Insurers, a nonsuit of its Second Cause of Action against Antex, or both. In order for the judgment to then be final and appealable, the trial court must either sign an order granting the nonsuit(s) or a

judgment memorializing the nonsuit(s), which is a ministerial act. *See Iacono v. Lyons*, 6 S.W.3d 715, 716–17 (Tex. App.—Houston [1st Dist.] 1999, order) (per curiam). Concierge may then file a supplemental record demonstrating that by way of the nonsuit(s), all pending parties and claims in the trial court record are disposed of. We may then treat the jurisdictional defect, if any, as cured and resolve the appeal. *See id.* (citing TEX. R. APP. P. 27.2).

4. We retain continuing jurisdiction over this appeal, but we abate the appeal to give Concierge an opportunity either to demonstrate that the Court has jurisdiction over this appeal or to cure the jurisdictional defect, if any. If a response as contemplated in paragraph (1) above, or a supplemental record as contemplated in paragraphs (2) or (3) above, is not filed by **5:00 p.m. on March 28, 2013**, the Court may dismiss the appeal for want of jurisdiction without further notice. To the extent that we may dismiss the appeal, this order constitutes notice of intent to dismiss under Texas Rule of Appellate Procedure 42.3. *See Iacono*, 6 S.W.3d at 717 (relying on TEX. R. APP. P. 42.3).

It is so **ORDERED**.


Judge's signature: /s/ Harvey Brown
                       Acting individually


Date:   March 7, 2013