**Motion to Dismiss Granted; Motion to Abate Denied; Dismissed and Memorandum Opinion filed June 3, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00162-CV

---

### TOWN & COUNTRY PARTNERSHIP, Appellant

### V.

### DYAD CONSTRUCTION, L.P. AND TEXAS EXTERIOR SYSTEMS, LLC, Appellees

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2017-11642**

---

## MEMORANDUM OPINION

This is an attempted appeal from an order signed February 22, 2021. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When an order does not dispose of all pending parties and claims, the order remains interlocutory and unappealable until final judgment is signed unless a statutory exception applies. *Bally Total Fitness*

*Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

The order being appealed does not dispose of all the parties and claims. On May 6, 2021, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before May 17, 2021. *See* Tex. R. App. P. 42.3(a). In response, appellant filed a motion to abate, pursuant to Texas Rule of Appellate Procedure 27.2, requesting that this court issue an order abating the appeal until the trial court issues signs a proposed order granting summary judgment. Rule 27.2 provides, in relevant part, "[t]he appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. Appellant argues this appeal should be abated until the trial court signs a proposed order granting one of the defendant's summary-judgment motions.

Rule 27.2 is intended to be used to correct or clarify orders of the trial court, not to allow the trial court to finish disposing of unresolved claims. *See Lehmann*, 39 S.W.3d at 206 & n.92. Rule 27.2 has also been used when all that is left is a ministerial act of the trial court to make the judgment final. *See Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (abating appeal when trial court needed only to sign order granting previously filed notice of non-suit). Here, the trial court must rule on a motion for summary judgment. The rendition of summary judgment is more than a mere clarification of an order as contemplated by the supreme court in *Lehmann*. *See Lehmann*, 39 S.W.3d at 206 & n.92. We therefore deny appellant's motion to abate the appeal. *See Onitiju v. Beauty Empire Corp. Beauty Empire Store*, No. 14-19-00993-CV, 2020 WL

4589719 at *1 (Tex. App.—Houston [14th Dist.] Aug. 11, 2020, no pet. (mem. op.) (denying motion to abate when trial court needed to sign default judgment to make matter final and appealable); *Leniek v. Evolution Well Svcs., LLC*, No. 14-18-00954-CV, 2019 WL 438825 at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (mem. op.) (denying motion to abate when trial court needed to rule on amount of attorney's fees to make matter final and appealable).

Accordingly, the appeal is ordered dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain.