**Motion to Abate Denied; Motion to Dismiss Granted; Dismissed and Memorandum Opinion filed July 27, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00342-CV

## JOSE SANCHEZ AND CARDENAS AUTO SALES, A TEXAS GENERAL PARTNERSHIP, Appellants

### V.

## DANIEL JACKSON & ASSOCIATES, P.C., D/B/A THE JACKSON LAW FIRM, Appellee

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-19246**

## MEMORANDUM OPINION

This is an attempted appeal from an order signed May 24, 2021. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v.*

*Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). The order being appealed does not dispose of all the parties and claims. On July 1, 2021, appellants filed a motion to abate the appeal to allow the trial court to enter a severance order rendering the May 24, 2021 order final and appealable. In response, appellee filed a motion to dismiss.

Texas Rule of Appellate Procedure 27.2 allows this court to abate appeals in order that they be made final in the trial court when the notice of appeal has been prematurely filed. Rule 27.2 provides, in relevant part, "[t]he appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. Appellants argue this appeal should be abated until the trial court signs an order of severance.

Rule 27.2 is intended to be used to correct or clarify orders of the trial court, not to allow the trial court to finish disposing of unresolved claims. *See Lehmann*, 39 S.W.3d at 206 & n. 92. Rule 27.2 has also been used when all that is left is a ministerial act of the trial court to make the judgment final. *See Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (abating appeal when trial court needed only to enter order granting previously filed notice of nonsuit). In their motion to abate, appellants state that the parties have filed competing orders of severance. Appellants attached correspondence between the parties and the trial court to their motion that reflects the language to be used in the severance order is contested by the parties. The trial court's rendering of a contested severance order is more than a mere clarification of an order as contemplated by the Texas Supreme Court in *Lehmann*. *See Lehmann*, 39 S.W.3d at 206 & n. 92. We deny appellants' motion to abate the appeal and grant

appellee's motion to dismiss. *See Onitiju v. Beauty Empire Corp. Beauty Empire Store*, No. 14-19-00993-CV, 2020 WL 4589719 at *1 (Tex. App.—Houston [14th Dist.] Aug. 11, 2020, no pet. (mem. op.) (denying motion to abate where trial court needed to render default judgment to make matter final and appealable); *Leniek v. Evolution Well Svcs., LLC*, No. 14-18-00954-CV, 2019 WL 438825 at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (mem. op.) (denying motion to abate where trial court needed to rule on amount of attorney's fees to make matter final and appealable).

Accordingly, the appeal is ordered dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Zimmerer.