# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00570-CV

**Victoria Barrientez, Appellant**

**v.**

**Raymond A. Contreras, Appellee**

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY,
### NO. D-1-GN-20-004253, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

On August 17, 2020, Victoria Barrientez sued Raymond A. Contreras for partition of property jointly owned with Contreras and for contribution. Contreras responded with a Rule 91a motion to dismiss Barrientez's claims as having no basis in law, *see* Tex. R. Civ. P. 91a, requested attorney's fees, *see id.* R. 91a.7 (providing that court may award "prevailing party on the motion" incurred attorney fees), and set a hearing on the Rule 91a motion for October 13.

On October 8, Barrientez filed a notice of nonsuit of her claims and a proposed order granting notice of nonsuit. *See id.* R. 91a.5(a) ("The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion."). However, the appellate record does not include a signed order granting Barrientez's notice of nonsuit.

Instead, on October 14, the trial court signed an order stating, "After considering the *Defendant's Motion to Dismiss Baseless Causes of Action under Rule 91*, filed by [Contreras] under Texas Rules of Civil Procedure 91a, and arguments of counsel, the Court orders that [Contreras] is awarded $2,500.00 (Two Thousand Five Hundred Dollars) as reasonable and necessary attorney's fees and costs to be paid by [Barrientez]." Barrientez moved to set aside the order based on her nonsuit and Rule 91a.5, but the appellate record does not include a ruling on the motion to set aside. Barrientez then filed a notice of appeal of the October 14 order.

A plaintiff has the right to take a nonsuit before introducing all evidence other than rebuttal evidence, *see id.* R. 162, and "the trial court's dismissal order is ministerial," *Klein v. Hernandez*, 315 S.W.3d 1, 4 (Tex. 2010). However, "Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal." *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997). Because the trial court did not sign an order granting the nonsuit, the October 14 order is interlocutory as it did not dispose of Barrientez's claims.

Nevertheless, we "may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. We therefore abate the appeal to give Barrientez thirty days after the date of this order to take action to cure the jurisdictional defect and to file a supplemental clerk's record containing either a signed order granting the nonsuit or a signed final judgment. *See Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.). If within thirty days Barrientez does not file such supplemental clerk's record or a status report explaining why no such supplemental record was filed, the appeal may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Before Justices Goodwin, Baker, and Smith

Abated

Filed:   March 11, 2022