

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00212-CV

---

YEVGENIA SHOCKOME, APPELLANT

V.

ROBERTO REYES, DARWIN MCKEE, AND TIMOTHY E. SHOCKOME, APPELLEES

---

On Appeal from the 201st District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-19-007363, Honorable Lora J. Livingston, Presiding

---

September 21, 2022

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Yevgenia Shockome, appeals from the trial court's purported final order. We remand the cause to the trial court for further proceedings.

In 2019, Yevgenia sued appellees, Roberto Reyes, Darwin McKee, and Timothy Shockome, for various tort claims arising from a child custody matter. Yevgenia later

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

nonsuited her claims against Reyes and the trial court signed an order dismissing the claims. On April 14, 2022, Yevgenia and McKee filed a "Joint Motion for Nonsuit and Voluntary Dismissal." No order granting the nonsuit was issued. On May 11, 2022, the trial court signed a *Final Order*, granting Timothy Shockome's motion for summary judgment and dismissing the claims against him. This appeal followed.

Generally, with few statutory exceptions, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When there has been no conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id*. at 205.

Here, the *Final Order* bears no language indicative of finality and the record does not reflect that Yevgenia's claims against McKee have been resolved. Thus, until the trial court grants the nonsuit and dismisses the claims against McKee, the *Final Order* is not final and appealable. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam) ("Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal."); *Iacono v. Lyons*, 6 S.W.3d 715, 716 (Tex. App.—Houston [1st Dist.] 1999, order) (per curiam) ("[W]hen a nonsuit is filed after a partial judgment has been signed, the judgment does not become final until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit.").

We notified Yevgenia by letter of August 11, 2022, that it did not appear that a final judgment or appealable order had been issued by the trial court and directed her to show

2

how we have jurisdiction over this appeal. Yevgenia has not filed a response or had any further communication with this Court to date.

Without a final judgment for review, this appeal is premature and we are without appellate jurisdiction. As an alternative to dismissal, however, we may abate a premature appeal to allow the trial court to cure a jurisdictional defect, particularly when only the ministerial act of making a judgment final remains. *See* TEX. R. APP. P. 27.2; *Iacono*, 6 S.W.3d at 717 (abating appeal when trial court needed only to act on pending notice of nonsuit).

Accordingly, we abate this appeal and remand the cause to the trial court to issue such further orders or judgments necessary to create a final, appealable order or judgment in this cause. *See* TEX. R. APP. P. 27.2, 44.4(b). Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the Clerk of this Court on or before October 21, 2022, the appeal will be reinstated and dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

It is so ordered.

Per Curiam