

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00290-CV

Lorenza **MATA**,
Appellant

v.

Paul **MORENO** and Mayra Moreno,
Appellees

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. CVW1900393
Honorable Donna S. Rayes, Judge Presiding

PER CURIAM

Sitting:     Beth Watkins, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: September 21, 2022

DISMISSED FOR WANT OF JURISDICTION

Appellant seeks to appeal a judgment signed on March 30, 2021. The clerk's record was filed on August 4, 2022. On August 5, 2022, we issued an order noting that the judgment in the clerk's record does not appear to dispose of all claims in dispute between the parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[W]hether a judicial decree is a final judgment must be determined from its language and the record in the case."). Specifically, we noted that the judgment does not appear to dispose of a counterclaim asserted in appellant's March

24, 2021 first amended answer. No severance order appears in the record, and the judgment does not state that it disposes of all parties and all claims. *See id.* at 206.

A judgment that does not dispose of all parties and causes of action is not final and appealable. *See id.* at 195; *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Nevertheless, we may treat the notice of appeal as prematurely filed and allow appellant time to present this court with a supplemental clerk's record that includes a final, appealable order or judgment. *See* TEX. R. APP. P. 27.2; *Lehmann*, 39 S.W.3d at 206; *Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (per curiam). We therefore abated the appeal and remanded this cause to the trial court for entry of a final judgment. We also ordered appellant to ensure that a supplemental clerk's record with a final, appealable judgment or order was filed in this court by September 6, 2022. In our order, we cautioned that if appellant failed to cure the jurisdictional defect as ordered, we would reinstate this appeal and dismiss it for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a).

No supplemental clerk's record or other response to our August 5, 2022 order has been filed. We therefore reinstate this appeal and dismiss it for want of jurisdiction.

PER CURIAM