

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00241-CV

---

AIDE AGNEW, APPELLANT

V.

EQYINVEST OWNER II LTD., LLP.; HEB BEVERAGE COMPANY LLC.; HEB LP
(FORMERLY HEB GROCERY CO., LP.); HEBCO GP, LLC.; AND HEB INC., APPELLEES

---

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2021-CI-13420, Honorable Cynthia Marie Chapa, Presiding

---

March 11, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Aide Agnew, appeals from the trial court's *Order Granting Defendant's Motion for Summary Judgment*.[1]   We remand the cause to the trial court for further proceedings.

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

In 2021, Agnew sued Appellees, Eqyinvest Owner II Ltd., LLP; HEB Beverage Company LLC.; HEB LP (formerly HEB Grocery Co., LP.); HEBCO GP, LLC.; and HEB Inc., for damages after allegedly slipping and falling in an HEB grocery store. On August 16, 2021, Appellant filed a notice nonsuiting her claims against Eqyinvest Owner II Ltd., LLP. The trial court, however, never signed an order granting the nonsuit. "H-E-B, LP" answered the suit, asserting that Agnew incorrectly named all HEB defendants, and moved for summary judgment on all claims. On May 3, 2023, the trial court signed the *Order Granting Defendant's Motion for Summary Judgment* in favor of "H-E-B, LP." The order, however, did not include any language expressly adjudicating the rights of the parties involved.

Generally, with statutory exceptions, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When there has been no conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id.* at 205. If an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *Id.* at 206.

Here, the trial court's *Order Granting Defendant's Motion for Summary Judgment* is not a final, appealable order. It bears no language indicative of finality and the record does not reflect that all of Agnew's claims against Appellees have been pursued, dismissed, or resolved. The summary judgment order does not address Agnew's nonsuit of Eqyinvest Owner II Ltd., LLP. *See Iacono v. Lyons*, 6 S.W.3d 715, 716–17 (Tex. App.— Houston [1st Dist.] 1999) ("Because the trial court did not sign either an order granting

2

the nonsuit or a judgment memorializing the nonsuit, the partial summary judgment is not final."). Nor does it address the disposition of Agnew's claims against the remaining HEB Appellees. Finally, the summary judgment order lacks decretal language expressly adjudicating the rights of the parties involved. *See Keenan v. Robin*, No. 07-21-00190-CV, 2022 Tex. App. LEXIS 1225, at *3–4 (Tex. App.—Amarillo Feb. 22, 2022, no pet.) (per curiam) (mem. op.) (holding that a summary judgment order lacking decretal language is not a final judgment because it does "not adjudicate the rights involved or evince a final result recognized by the law").

By letter of January 31, 2024, we directed the parties to demonstrate how this Court has jurisdiction over the appeal. Although we granted Agnew an extension to February 28, 2024, to file a response, she has not responded to the Court's inquiry to date. H-E-B, LP, however, concedes that the summary judgment order is not final and requests that we remand the appeal for the trial court to enter an "unambiguously final judgment."

Without a final judgment for review, this appeal is premature. As an alternative to dismissing the appeal for want of jurisdiction, we may abate a premature appeal to allow the trial court to cure a jurisdictional defect, particularly when only the ministerial act of making a judgment final remains. *See* Tex. R. App. P. 27.2; *Iacono*, 6 S.W.3d at 717 (abating appeal when trial court needed only to act on pending notice of nonsuit); *Amarillo Natl Bank v. Rogers*, No. 07-03-00307-CV, 2004 Tex. App. LEXIS 11514, at *3 (Tex. App.—Amarillo Dec. 22, 2004, order) (per curiam) (remanding for the trial court to modify a summary judgment order "to decree an adjudication of the rights involved").

3

Accordingly, we abate this appeal and remand the cause to the trial court to issue such further orders necessary to create a final, appealable order or judgment in this cause. *See* TEX. R. APP. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."). Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the Clerk of this Court on or before April 10, 2024, the appeal will be reinstated and dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

It is so ordered.

Per Curiam