

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-23-00241-CV

---

AIDE AGNEW, APPELLANT

V.

EQYINVEST OWNER II LTD., LLP.; HEB BEVERAGE COMPANY LLC.; HEB LP
(FORMERLY HEB GROCERY CO., LP.); HEBCO GP, LLC.; AND HEB INC., APPELLEES

---

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2021-CI-13420, Honorable Cynthia Marie Chapa, Presiding

---

May 21, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Aide Agnew, appeals from the trial court's *Order Granting Defendant's Motion for Summary Judgment.*[1] We dismiss the appeal for want of jurisdiction.

In 2021, Agnew sued Appellees, Eqyinvest Owner II Ltd., LLP; HEB Beverage Company LLC.; HEB LP (formerly HEB Grocery Co., LP.); HEBCO GP, LLC.; and HEB

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

Inc., for damages after allegedly slipping and falling in an HEB grocery store. On August 16, 2021, Agnew filed a notice nonsuiting her claims against Eqyinvest Owner II Ltd., LLP. The trial court, however, never signed an order granting the nonsuit. "H-E-B, LP" answered the suit, asserting that Agnew incorrectly named all HEB defendants, and moved for summary judgment on all claims. On May 3, 2023, the trial court signed the *Order Granting Defendant's Motion for Summary Judgment* in favor of "H-E-B, LP." The order, however, did not include any language expressly adjudicating the rights of the parties involved.

Generally, with statutory exceptions, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When there has been no conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id*. at 205.

Here, the trial court's *Order Granting Defendant's Motion for Summary Judgment* is not a final, appealable order. It bears no language indicative of finality and the record does not reflect that all of Agnew's claims against Appellees have been pursued, dismissed, or resolved. The summary judgment order does not address Agnew's nonsuit of Eqyinvest Owner II Ltd., LLP. *See Iacono v. Lyons*, 6 S.W.3d 715, 716–17 (Tex. App.—Houston [1st Dist.] 1999) ("Because the trial court did not sign either an order granting the nonsuit or a judgment memorializing the nonsuit, the partial summary judgment is not final."). Nor does it address the disposition of Agnew's claims against the remaining HEB Appellees. Finally, the summary judgment order lacks decretal language expressly adjudicating the rights of the parties involved. *See Keenan v. Robin*, No. 07-21-00190-

CV, 2022 Tex. App. LEXIS 1225, at *3–4 (Tex. App.—Amarillo Feb. 22, 2022, no pet.) (per curiam) (mem. op.) (holding that a summary judgment order lacking decretal language is not a final judgment because it does "not adjudicate the rights involved or evince a final result recognized by the law").

As an alternative to dismissing the appeal for want of jurisdiction, we remanded the cause to the trial court on March 11, 2024, for the trial court to issue such further orders necessary to create a final, appealable order or judgment. *See* TEX. R. APP. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."). In our order, we admonished the parties that unless a final, appealable order or judgment was included in a supplemental clerk's record and filed with the Clerk of this Court on or before April 10, 2024, the appeal would be reinstated and dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

No supplemental clerk's record was filed by this deadline. By letter of April 17, 2024, we directed the parties to provide us with a status of the remand proceedings by May 1; again admonishing that if a final, appealable order or judgment was not received, the appeal would be reinstated and dismissed for want of jurisdiction without further notice. By letter, HEB provided the following response:

> ". . . HEB drafted a proposed final judgment for review; it circulated the same to Agnew's counsel on March 28, 2024. Agnew's counsel represented by telephone that he would review the same, but did not communicate with the undersigned again. Because Agnew's counsel did not indicate agreement or disagreement as to the form or substance of the proposed judgment, HEB's trial counsel contacted the trial court regarding a hearing for consideration and entry of a signed final judgment. HEB has not yet been able to obtain a hearing date, and Agnew's counsel has not communicated

3

with the undersigned as to his hearing availability or intent regarding the appeal, so no new judgment has yet been signed."

Agnew, however, did not respond to the Court's inquiry.

Accordingly, for the reasons expressed herein, we reinstate the appeal and dismiss it for want of jurisdiction. The appeal is dismissed.

Per Curiam