NO. 07-11-00154-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
26, 2011

 



 

BANK OF AMERICA, N.A., APPELLANT

 

v.

 

LINDA LILLY, APPELLEE 



 



 

 FROM THE 146TH DISTRICT COURT OF
BELL COUNTY;

 

NO. 247,955-B; HONORABLE RICK MORRIS, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT

 

 

Appellant Bank of America, N.A.,
filed a motion to extend the time for filing its notice of appeal.  Tex. R. App. P. 26.3.  Before taking up the motion, we sua sponte
question our jurisdiction.  See Jones v. Morales, 318 S.W.3d 419,
422 (Tex.App.--Amarillo 2010, pet. denied) (court
addressed possible jurisdictional issue on its own motion).

            The
clerk’s record has been filed.  It
indicates on January 28, 2011, the trial court granted appellee
Linda Lilly’s no-evidence motion for summary judgment against Bank of America
and signed an order severing Bank of America’s claim against her into a
separate proceeding bearing trial court cause number 247,955-B.  According to the severance order, “[t]he
severed case shall proceed to final judgment separate and apart from those
claims by [Bank of America] against Defendant Lilly Holmes, Inc., which remain
pending . . . .”  The record contains no
document identified as a final judgment in cause number 247,955-B.  

            A
court of appeals has no appellate jurisdiction over an interlocutory order
unless expressly authorized by statute.  New York Underwriters Ins.
Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990) (per curiam).  The parties do not assert and the record does
not indicate this is an interlocutory appeal authorized by statute or agreement
and court order.  See, e.g., Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a) (identifying certain immediately appealable
interlocutory orders), § 51.014(d) (otherwise unappealable
interlocutory order may be made appealable by agreements of parties and order
of court) (West 2008).  “As a rule, the
severance of an interlocutory judgment into a separate cause makes it final.”  Diversified
Fin. Sys., Inc. v. Hill, Heard, O’Neal, Gilstrap
& Goetz, P.C., 63 S.W.3d 795, 795 (Tex. 2001) (per curiam)
(citing Farmer v. Ben E. Keith Co.,
907 S.W.2d 495, 496 (Tex. 1995) (per curiam)).  But where, as here, a severance order
expressly contemplates the severed claims will “proceed to final judgment,” a
final judgment is precluded until a later judgment is signed.  In re S.A.A., No. 02-08-0080-CV, 2008 Tex. App. Lexis 3428, at *3 (Tex.App.--Fort Worth May 8, 2008, no pet.) (per curiam, mem.
op.) (citing Diversified
Fin. Sys., 63 S.W.3d at 795).   

            Accordingly,
we abate this appeal to allow Bank of America time to obtain a signed final
judgment in cause number 247,955-B.  See In re S.A.A., 2008 Tex. App. Lexis
3428, at *3 (when severance order contemplated further action, appellate court
granted parties opportunity to obtain final judgment); Iacono v. Lyons, 6 S.W.3d 715, 717 (Tex.App.--Houston
[1st Dist.] 1999, no pet.) (court applied appellate
rule 27.2 to allow party to cure jurisdictional defect by obtaining order
creating finality).  Bank of America
shall cause the signed final judgment to be included in a supplemental clerk’s
record filed in this court within thirty days of this order.  Failure to comply with this order will result
in dismissal of this appeal for want of jurisdiction.  Tex. R. App. P. 42.3(a); In re S.A.A. at *2, *3-*4; Lyons at 717.  Bank of America’s motion for extension of
time to file its notice of appeal remains pending.

            It
is so ordered.

Per Curiam