**Opinion issued June 13, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————

## NO. 01-12-00707-CV

———————————

### JOEL D. MALLORY, Appellant

### V.

### J.P. MORGAN CHASE BANK, N.A., AS SUCCESSOR BY MERGER TO CHASE HOME FINANCE, L.L.C., AND CODILIS & STAWIARSKI, P.C., Appellees

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2010-64487

## MEMORANDUM OPINION

Appellant Joel Mallory filed suit against appellees J.P. Morgan Chase Bank, N.A., as successor by merger to Chase Home Finance, L.L.C. ("J.P. Morgan Chase") and Codilis & Stawiarski, P.C., asserting claims under the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Debt Collection Act ("TDCA"),

among other claims. *See generally* TEX. BUS. & COM. CODE ANN. chapter 17 (West 2011 & Supp. 2012); TEX. FIN. CODE ANN. chapter 392 (West 2011). The trial court granted J.P. Morgan Chase's motion for summary judgment as to all claims asserted by Mallory against J.P. Morgan Chase. Subsequently, the trial court granted Codilis & Stawiarski's motion to dismiss Mallory's DTPA claims against it. After the trial court signed this second order, Mallory filed a notice of appeal.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We have no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *Iacono v. Lyons*, 6 S.W.3d 715, 716–17 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Here, the record reflects that no final judgment has been entered by the trial court in this case, because there is no order disposing of the remaining claims pending against Codilis & Stawiarski.

On May 13, 2013, the appellees filed a motion to dismiss this appeal for want of jurisdiction because there is no final judgment. We requested appellant file a response to the motion, and appellant filed a response on May 30, 2013. *See* TEX. R. APP. P. 42.3. The response does not demonstrate grounds for continuing the appeal.

Accordingly, we grant the motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justice Jennings, Brown, and Huddle.