

# Fourth Court of Appeals
## San Antonio, Texas

May 19, 2022

No. 04-21-00392-CV

**EILENBERGER'S, INC.** d/b/a Sunshine Distributors of SA and William L. Jones,
Appellants

v.

**WESTPOINT HOME, LLC**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI08806
Honorable Aaron Haas, Judge Presiding

# O R D E R

Sitting:     Patricia O. Alvarez, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Appellants seek to appeal a June 22, 2021 order granting a motion for summary judgment. The clerk's record was filed on October 12, 2021, and supplemental clerk's records were filed on October 13, 2021 and March 3, 2022. After reviewing the record, it appears that the summary judgment order does not dispose of all claims in dispute between the parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[W]hether a judicial decree is a final judgment must be determined from its language and the record in the case."). Specifically, the order does not dispose of appellee WestPoint Home LLC's claims for fraud in the inducement and exemplary damages. No severance order appears in the record, and the summary judgment order does not state that it disposes of all parties and all claims. *See id.* at 206.

A judgment that does not dispose of all parties and causes of action is not final and appealable. *See id.* at 195; *Ne. Indep. Sch. Dist.v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Nevertheless, we may treat the notice of appeal as prematurely filed and allow appellants time to present this court with a supplemental clerk's record that includes a final, appealable order or judgment. See TEX. R. APP. P. 27.2; *Lehmann*, 39 S.W.3d at 206; *Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (per curiam).

FILE COPY

Therefore, we **ABATE** this appeal and **REMAND** this cause to the trial court. We **ORDER** appellants to ensure that a supplemental clerk's record with a final, appealable judgment or order is filed in this court **by June 20, 2022**. If appellants fail to cure the jurisdictional defect as ordered, we will reinstate this appeal and dismiss it for want of jurisdiction without further notice. See TEX. R. APP. P. 42.3(a). We **WITHDRAW** the May 10, 2022 submission date of this appeal pending our resolution of our jurisdiction.

It is so on **ORDERED** May 19, 2022.

PER CURIAM

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT