

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00365-CV

---

PETER DEL MASTRO, APPELLANT

V.

PATRICK SLATER, APPELLEE

---

On Appeal from the 98th District Court
Travis County, Texas
Trial Court No. D-1-GN-21-003262, Honorable Maya Guerra Gamble, Presiding

---

February 28, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Peter Del Mastro, appeals from the trial court's partial summary judgment order in favor of Appellee, Patrick Slater.[1]  Because the order is not a final judgment or an interlocutory order made immediately appealable by statute, we dismiss the appeal for want of jurisdiction.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

**Background**

In 2021, Slater sued Del Mastro, Ben Neece, and Benjamin Jackson for allegedly inducing him to loan money as part of a fraudulent investment scheme. Slater later dismissed his claims against Jackson—the agreed order of dismissal was signed by the trial court on June 5, 2024—and nonsuited his claims against Neece. The record, however, does not reflect that the trial court ever signed an order granting the nonsuit.

Slater and Del Mastro filed competing motions for summary judgment on the claims against Del Mastro, common law fraud and fraud by nondisclosure. On August 28, 2023, the trial court denied Del Mastro's motion for summary judgment and granted Slater partial summary judgment on his fraud by nondisclosure claim. Slater's common law fraud claim against Del Mastro remains pending.

**Analysis**

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205–06 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention.").

2

Here, the trial court's August 28, 2023, summary judgment order does not contain any finality language and does not resolve Slater's common law fraud claim against Del Mastro. *See Lehmann*, 39 S.W.3d at 205. Nor does it resolve Slater's nonsuit against Neece. *See Iacono v. Lyons*, 6 S.W.3d 715, 716–17 (Tex. App.—Houston [1st Dist.] 1999) ("Because the trial court did not sign either an order granting the nonsuit or a judgment memorializing the nonsuit, the partial summary judgment is not final."); *Cavin v. Abbott*, No. 03-23-00541-CV, 2023 Tex. App. LEXIS 8884, at *2–4 (Tex. App.—Austin Nov. 29, 2023, no pet.) (per curiam) (mem. op.) (holding same). The trial court's order is, thus, interlocutory and without statutory authority permitting its appeal.

By letter of January 30, 2024, we notified the parties that it did not appear we have jurisdiction over this appeal. Although Del Mastro contends that the trial court intended to render a final judgment, he fails to identify any language in the summary judgment order that "clearly and unequivocally" disposes of all parties and claims or anything in the record effectively doing so. *See Lehmann*, 39 S.W.3d at 205–06. Slater, on the other hand, concedes that the summary judgment order is not a final judgment and has advised the Court that his fraudulent inducement claim against Del Mastro is set for trial in March 2024.

For the reasons set forth above, we conclude that there is no final judgment or appealable order presented for review. Consequently, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

3